UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA MATOS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br><br>    Defendant. | Case No. 19-cv-02505-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 19 |

## I.   INTRODUCTION

Plaintiff's counsel, Katherine Siegfried, moves for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for representing Plaintiff in her successful appeal of the Commissioner's denial of social security disability benefits. ECF No. 19. The Commissioner filed an opposition (ECF. No. 20) and Plaintiff filed a reply (ECF No. 21). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the reasons set forth below.

## II.   BACKGROUND

On March 7, 2016, Plaintiff filed a claim for Disability Insurance Benefits for a combination of mental and physical impairments, including depression and fibromyalgia. After the administration denied her application and she exhausted her administrative remedies, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). On March 23, 2020, the Court granted Plaintiff's motion for summary judgment and remanded for further proceedings. ECF No. 16. The Court found the Administrative Law Judge ("ALJ") did not commit reversible error as to Plaintiff's mental impairments, but he erred in not assessing Plaintiff's fibromyalgia as a medically determinable impairment at step two of the sequential process, and by failing to

appropriately analyze the impairments and limitations caused by fibromyalgia at subsequent steps. Because remand was warranted by that error alone, the Court did not consider Plaintiff's remaining arguments but instructed the Agency to take them into account as part of its reconsideration.

Plaintiff now moves for attorney's fees totaling $10,057.25 (49 hours at a rate of $205.25 per hour), as well as reimbursement for the cost of the $400 filing fee. She seeks an additional $923.63 for time spent preparing the reply brief.

### III.    LEGAL STANDARD

The purpose of the EAJA statute is to "eliminate financial disincentives for those who would defend against unjustified government action and thereby to deter the unreasonable exercise of government authority." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1262 (9th Cir. 2001) (quoting *Ardestani v. INS*, 502 U.S. 129, 138 (1991)). To prevail in a motion for EAJA fees, the plaintiff must be a prevailing party and the government's position must be without substantial justification. *Hensley v. Eckerhart*, 461 US 424, 433 (1983).

### IV.    DISCUSSION

Plaintiff argues the Commissioner's position was not substantially justified because the ALJ failed to conduct the required analysis under the Agency's own policies, and it was therefore clear that the Agency was not substantially justified in defending against this action. Mot. at 4. The Commissioner argues Plaintiff is not entitled to attorney's fees because there was substantial justification for the government's position. Opp'n at 3. Specifically, the Commissioner notes that, although the Court found remand appropriate on one issue, it found the ALJ did not err in his finding regarding Plaintiff's mental impairments and it did not consider her remaining arguments as to whether the ALJ provided legally sufficient reasons for discounting her testimony and whether the ALJ properly addressed medical source statements. *Id.* Alternatively, the Commissioner argues the fees requested are unreasonable because routine social security cases are typically litigated in 15 to 30 hours and there were no unusual facts or circumstances in this case justifying a higher award. *Id.* at 6. If the Court awards fees, the Commissioner requests the number of hours be reduced to 23. *Id.* at 7.

### A. Prevailing Party

An applicant for Social Security benefits who receives a remand under sentence four of 42 U.S.C. § 405(g) is a "prevailing party" and eligible for fees and costs under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Plaintiff is therefore a prevailing party.

### B. Substantial Justification

The EAJA mandates an award of attorney fees to the prevailing party "unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 USC § 2412(d)(1)(A); *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1998). The Commissioner bears the burden of establishing that his position was "substantially justified." *Gutierrez*, 274 F.3d at 1258. To meet this standard, the Commissioner must show the government's position was "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "Put differently, the government's position must have a reasonable basis both in law and fact." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, both the "government's litigation position and the underlying agency action giving rise to the civil action" must be substantially justified in order to avoid an award of fees. *Id.* Thus, "[t]he government's position must be substantially justified at each stage of the proceedings." *Id.* at 872 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)) (internal quotation marks omitted); *Jaureque v. Colvin*, 2013 WL 5645310, at *1 (N.D. Cal. Oct. 16, 2013) ("The court must examine whether the government was substantially justified in its original act and its decision to defend it in court.") (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). In this circuit, "a holding that the agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified." *Meier*, 727 F.3d at 872 (internal quotations and modifications omitted); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record").

Here, the Court found that the ALJ's decision was afflicted with significant errors,

including the ALJ's failure to evaluate whether Plaintiff's fibromyalgia was a medically determinable impairment under the guidelines established in Social Security Ruling 12-2p, and how that determination affected subsequent steps in the sequential analysis. Order at 20-22, ECF No. 16. Despite this, the Commissioner argues that he was substantially justified in defending the ALJ's decision because the ALJ raised the issue of fibromyalgia at the hearing. Opp'n at 4. However, the Court is aware of no precedent establishing that, because there was a discussion at the hearing, it should not matter that the decision itself failed to address the correct legal standard for analyzing cases of fibromyalgia. In light of these flaws in the ALJ's ruling, the Commissioner's defense of that decision was not substantially justified. *See Xie v. Colvin*, 2016 WL 1427494, at *1 (N.D. Cal. Apr. 12, 2016) (finding the government was not substantially justified in its decision to defend the ALJ's decision based on errors committed at the second step in the analysis).

### C.  Reasonableness of Attorney's Fees

Under the EAJA, Plaintiff is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A). Determining whether the expenditure of time litigating a Social Security case was reasonable "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained"; courts cannot apply de facto caps limiting the hours attorneys can reasonably expend. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136, 1137 (9th Cir. 2012). The fee applicant bears the burden of proving they are reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley*, 461 U.S. at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

"When the district court makes its award, it must explain how it came up with the amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id.*; *see also Costa*, 690 F.3d at 1136 (citing *Moreno* and noting that a district court can impose a reduction of up to 10 percent based purely on the exercise

4

of its discretion and without more specific explanation, but where the number of hours is reduced by twenty to twenty-five percent, a court is required to provide more specific explanation).

1. Reasonable Fee

Plaintiff seeks an hourly rate of $205.25, which the Commissioner does not oppose. Under the EAJA, attorney's fees are set at a market rate capped at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). However, fees in excess of $125 per hour may be awarded if "the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Thangaraja*, 428 F.3d at 876 (awarding fees at rate based on cost of living increases). It is undisputed that the EAJA statutory maximum hourly rate in the Ninth Circuit, adjusted for increases in the cost of living, was $205.25 for 2019 and 2020.[1] As such, the Court finds this rate reasonable.

2. Reasonable Hours

The Commissioner's challenge to Plaintiff's fee request focuses on the number of hours expended in this case. First, he argues Plaintiff raised four issues but prevailed on only one. Opp'n at 6. However, although the Court did not rule on the merits of two of Plaintiff's arguments, it instructed the Agency to take them into account as part of its reconsideration on remand. It is possible that the ALJ will view the issues differently on remand and resolve them in her favor. For this reason, courts have resisted making downward adjustments to account for the fact that the case was remanded based on fewer than all of the claims asserted. *See Martinez v. Colvin*, 2017 WL 766665, at *8 (S.D. Cal. Feb. 27, 2017) (awarding full award of fees, despite plaintiff not prevailing on all issues, because ALJ's decision could be different on remand); *Hampton v. Colvin*, 2015 WL 1884313, at *5 (N.D. Cal. Apr. 23, 2015) (finding arguments in Social Security appeals are all related to a single claim for relief: "Given that Plaintiff achieved the relief he sought, he obtained an excellent result, and the fee award should not be reduced because Plaintiff did not succeed on all the contentions raised."); *Lauser v. Colvin*, 2015 WL 1884330, at *4 (N.D. Cal. Apr. 23, 2015) (same); *Trefcer v. Colvin*, 2013 WL 6623823, at *4-5 (E.D. Cal.

---

[1] *See* table set forth at: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (citing 28 U.S.C. § 2412(d)(2)(A)).

5

Dec. 16, 2013) ("Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories"); *Williams v. Astrue*, 2012 WL 3527224, at *3-4 (D. Or. June 26, 2012) (awarding fees where plaintiff presented multiple arguments, not all of which were successful, but were all in support of one claim for relief: a claim for disability benefits through reversal and remand), *report and recommendation adopted*, 2012 WL 3527207 (D. Or. Aug. 15, 2012). Because Plaintiff's claim for relief involved a common core of facts and was based on related legal theories, "'[m]uch of counsel's time will be devoted generally to the litigation as a whole . . .. Such a lawsuit cannot be viewed as a series of discrete claims.'" *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (quoting *Hensley*, 461 U.S. at 435). Accordingly, the Court finds that the results Plaintiff achieved here were sufficiently substantial so as to justify a full award of fees.

The Commissioner also argues Plaintiff's request is excessive because "routine social security cases are typically and reasonably litigated in 15 to 30 hours, not 49 hours." Opp'n at 6-7. He argues Plaintiff's award should be reduced by more than half to 23 hours. *Id.* at 7. However, Plaintiff's current attorney did not represent her at the administrative hearing and first became familiar with the record while preparing to file her motion for summary judgment. The Court has reviewed the Commissioner's criticisms of Plaintiff's attorney's briefing, but it is unpersuaded that the hours expended by her attorney in litigating this action were an unreasonable expenditure of time in light of the circumstances of the case. *See Snyder v. Berryhill*, 2019 WL 539076, at *2 (N.D. Cal. Feb. 11, 2019) (finding 43.2 hours reasonable where plaintiff's counsel did not represent him at the administrative level); *Long v. Colvin*, 2015 WL 3902160, at *3 (N.D. Cal. June 24, 2015) (finding 58.25 hours reasonable, despite the government's argument they were excessive, where plaintiff obtained remand on some but not all of her arguments); *White v. Colvin*, 2015 WL 7429392, at *3 (N.D. Cal. Nov. 23, 2015) (48.44 hours of attorney's fees was not excessive or unreasonable). Further, Ninth Circuit precedent establishes that it is "an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." *Costa*, 690 F.3d at 1136. Instead, "[c]ourts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to

1   spend on the case.'" *Id.* (quoting *Moreno*, 534 F.3d at 1112). Finally, the Court notes the

2   Commissioner does not specify a single task that did not justify the hours spent on it.

3   Accordingly, the Court finds the requested number of hours is reasonable.

### D. Reply Brief

Finally, Plaintiff seeks an additional $923.63 (4.5 hours) for time spent preparing the reply brief. "Under EAJA, a prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the government over the amount of the EAJA fee award." *Potter v. Colvin*, 2015 WL 7429376, at *4 (N.D. Cal. Nov. 23, 2015) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990); *Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991)). The Court finds Plaintiff's request for $923.63 for preparing the reply brief is reasonable. *See, e.g., Lauser*, 2015 WL 1884330, at *5 (awarding $1,110.21 for fees for preparing of the reply brief).

### E. Filing Fee

Plaintiff also requests, and the Commissioner does not oppose, reimbursement of the $400 filing fee. Plaintiff is entitled to reimbursement of this fee. *See Taroni v. Berryhill*, 2018 WL 646499, at *3 (N.D. Cal. Jan. 30, 2018); *Long*, 2015 WL 3902160, at *3.

### F. The Fee Award Should be Paid to Counsel

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court considered this provision of the EAJA and whether it makes a fee payable to the prevailing party or the attorney. The Supreme Court noted the absence of language in the EAJA explicitly directing fees to attorneys and compared EAJA with a provision in the Social Security Act making fee awards payable "to such attorney." *Id.* at 595 (citing 42 U.S.C. § 406(b)(1)(A)). In so doing, the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Id.* Nevertheless, courts in this district have concluded that *Ratliff* does not prevent payment of a fee award directly to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to the government. *See Potter v. Colvin*, 2015 WL 7429376, at *4 (N.D. Cal. Nov. 23, 2015) (collecting cases). As Plaintiff assigned her EAJA fees to Ms. Siegfried (*see* ECF No. 21-2), the award shall

be paid directly to Ms. Siegfried, subject to any debt offset.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for an award of $10,980.88 in attorney's fees and $400 in costs.

**IT IS SO ORDERED.**

Dated: June 30, 2020

THOMAS S. HIXSON
United States Magistrate Judge