UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA MATOS,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br><br>    Defendant. | Case No. 19-cv-02505-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 24 |

## I. INTRODUCTION

After Plaintiff Hilda Matos brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case and the Commissioner issued a decision in her favor. Matos's attorney, Katherine R. Siegfried, now seeks $10,980.88 in attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 24. For the following reasons, the Court **GRANTS** the motion.

## II. BACKGROUND

Matos brought this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). On March 23, 2020, the Court granted her summary judgment motion and remanded for further proceedings. ECF No. 16. The Court subsequently granted Siegfried's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $10,980.88. ECF No. 22.

On remand, the Commissioner granted Matos's application, entitling her to receive $109,899.60 in retroactive benefits. Siegfried Decl. ¶ 5 & Ex. 2 (Notice of Award), ECF No. 24-1, 24-3. Under a contingent-fee agreement, Matos agreed to pay counsel up to 25% of any past-due benefits award, which in this case would be $27,474.90. Id. ¶ 2 & Ex. 1, ECF No. 24-2. The

Notice of Award further states that the Social Security Administration paid Matos's administrative attorney $6,000 and was withholding the rest of the 25 percent of past-due benefits. Thus, Siegried requests a fee award of $21,474.60.

### III.   LEGAL STANDARD

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the Social Security Act is paid out of a successful claimant's past-due benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

Under the Act, when a court renders judgment in favor of a claimant, it may award the claimant's counsel a reasonable attorney's fee, not to exceed 25% of the past-due benefits. 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht*, 535 U.S. at 808 (holding that contingent-fee agreements are not enforceable to the extent that they provide for fees exceeding 25% of the past-due benefits); *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) ("the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"). The court provides "an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award, the district court "must respect 'the primacy of lawful attorney-client fee agreements,'" by "'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 793, 808). A fee based on a contingent-fee agreement is unreasonable and subject to reduction "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.*). In

determining whether a fee is reasonable, the court may look to the lodestar calculation "*only as an aid* in assessing the reasonableness of the fee." *Id.* at 1151 (quoting *Gisbrecht*, 535 U.S. at 808) (emphasis in original).

Additionally, a § 406(b) fee award is offset by any award of EAJA fees. Thus, if the court awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

### IV. DISCUSSION

The Court finds counsel has met her burden to demonstrate that the requested fees are reasonable. As noted above, Matos entered into a contingent fee agreement providing for a 25% fee, which is consistent with the statutory cap. There is no evidence that Siegfried's performance was substandard. To the contrary, counsel's representation resulted in Matos receiving substantial past-due benefits. After the Court granted Matos's motion and remanded for further proceedings, the Commissioner issued a decision in Matos's favor in the amount of $109,899.60. *See Khlopoff v. Saul*, 2020 WL 7043878, at *2 (N.D. Cal. Dec. 1, 2020) (awarding attorney's fees under § 406(b) where plaintiff received $73,209.00 in benefits upon remand); *Card v. Comm'r of Soc. Sec.*, 2019 WL 3554410, at *2 (N.D. Cal. Aug. 5, 2019) (awarding attorney's fees where plaintiff received $57,722.52 in benefits upon remand). Further, the requested fees are not excessively large in relation to the benefits achieved. Although counsel is under no obligation to do so, Siegfried requests less than the full 25% contemplated by the fee agreement to account for the fees the Social Security Administration withheld to pay Matos's administrative lawyer. Thus, although she is entitled to $27,474.90 under the agreement, Siegfried seeks only $21,474.90 for 53.5 hours of work. Siegfried Decl. ¶¶ 8-9. The fees she seeks would result in an effective hourly rate of approximately $401 per hour. The Court finds this rate reasonable considering the results Siegfried achieved, the amount of time she spent on the case, and her assumption of risk in agreeing to represent Matos on a contingency basis. *See Crawford*, 586 F.3d at 1153 (affirming the reasonableness of the fees where the effective hourly rates were $519, $875 and $902); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding hourly rate of $450.00 and

citing cases with much higher effective rates approved). The Court therefore finds the requested fees are reasonable taking into account all these factors.

Once the Court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Gisbrecht*, 535 U.S. at 796. Here, the Court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Matos the $10,980.88 in EAJA fees previously awarded. *See Khlopoff*, 2020 WL 7043878, at *2 (finding § 406(b) request reasonable and directing counsel to refund to client fees previously awarded under the EAJA).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $21,474.90, payable to Katherine Siegfried. Counsel is **ORDERED** to refund the $10,980.88 EAJA fee award to Matos.

**IT IS SO ORDERED.**

Dated: April 14, 2021

THOMAS S. HIXSON
United States Magistrate Judge

4